UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KRISTINE ROSE SANTOS,                    NO. CIV. 2:09-02642 WBS DAD

         Plaintiff,

    v.                                   MEMORANDUM AND ORDER RE:
                                         MOTION TO DISMISS
COUNTRYWIDE HOME LOANS,
RESURGENT CORP SERVICE,
RECONTRUST COMPANY, N.A., and
DOES 1-100, inclusive,

         Defendants.
_____/

----oo0oo----

        Plaintiff Kristine Rose Santos filed this action

against defendants Countrywide Home Loans ("CHL"), Resurgent Corp

Service ("Resurgent"), and ReconTrust Company, N.A.

("ReconTrust") alleging various state and federal claims relating

to loans she obtained to refinance her home in Stockton,

California.  CHL and ReconTrust move to dismiss plaintiff's

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)

1

1  for failure to state a claim upon which relief can be granted.

2       Plaintiff did not oppose the motion.  Nor did

3  plaintiff file a statement of non-opposition pursuant to Civil

4  Local Rule 78-230(c).  Therefore, the hearing date of November 9,

5  2009 was vacated pursuant to Civil Local Rule 78-230(c), and the

6  court took defendants' motion to dismiss under submission without

7  oral argument.

8       The court has examined each of the claims in

9  plaintiff's complaint, and for the following reasons finds not

10 one of them sufficient to withstand defendants' motions to

11 dismiss.

12      A.   Rescission and/or Reformation of Contract

13      Plaintiff's complaint alleges a cause of action for

14 recision or reformation of her loan with defendants because she

15 was fraudulently induced into her loan agreement.  (See Compl. ¶¶

16 18-23.)  Rescission and reformation are remedies, not a cause of

17 action.  Hafiz v. Greenpoint Mortgage Funding, Inc., --- F. Supp.

18 2d ----, No. C 09-01729 WHA, 2009 WL 2137393, at *7 (N.D. Cal.

19 July 16, 2009).  Plaintiff's prayer to the court to rescind or

20 reform her loan is based on her fraud claim, where she claims she

21 was fraudulently induced into the loan.  As plaintiff's fraud

22 claim fails, rescission and reformation are not available to

23 plaintiff.

24      Additionally, under California Civil Code section 1691,

25 a request for rescission requires the rescinding party to

26 "[r]estore to the other party everything of value which he has

27 received from him under the contract or offer to restore the same

28 upon condition that the other party do likewise."  Cal. Civ. Code

1   § 1691.  Plaintiff offers to "restore to [d]efendants the subject
2   property in return for defendants [sic] return to plaintiff all
3   monies paid to defendants in connection with the placement of the
4   loan, service of the loan, loan payments made, improvements made
5   to the property, and other costs and expenses plaintiff has
6   incurred in the maintenance and upkeep of the subject property."
7   (Compl. ¶ 27.)  However, this offer does not restore defendants
8   to their former position by returning the consideration received
9   under the contract.

10        Rescission is also unavailable to plaintiff because the
11   accusations in her complaint address the actions of her lender,
12   Argent Mortgage Company, not defendants.  Rescission is
13   unavailable as a remedy if "the rights of other have intervened
14   and circumstances have so far changed that rescission may not be
15   decreed without injury to [third] parties and their rights . . .
16   ."  <u>Gill v. Rich</u>, 128 Cal. App. 4th 1254, 1265 (2005) (internal
17   quotation marks omitted).  In this case CHL and ReconTrust's
18   rights have intervene, as Argent Mortgage Company assigned them
19   right to service the loan.  The alleged wrongs in the complaint
20   are against plaintiff's lender, not the instant defendants.
21   Plaintiff has not alleged that defendants knew of the alleged
22   fraud of her lender, outside of conclusory allegations of
23   conspiracy.  Defendants would be prejudiced if plaintiff were
24   permitted to rescind the loan, and accordingly rescission is
25   unavailable to plaintiff as a remedy.

26        Finally, plaintiff's prayer for reformation cannot
27   succeed.  "A complaint for the reformation of a contract should
28   allege what the real agreement was, what the agreement as reduced

3

1  to writing was, and where the writing fails to embody the real

2  agreement. It is also necessary to aver facts showing how the

3  mistake was made, whose mistake it was and what brought it about,

4  so that mutuality may appear." Lane v. Davis, 172 Cal. App. 2d

5  302, 309 (1959).  Plaintiff fails to allege any of these facts,

6  and accordingly has not stated an adequate prayer for

7  reformation.  Plaintiff's first cause of action for rescission or

8  reformation will therefore be dismissed.

9         B.   Fraud

10        In California, the essential elements of a claim for

11  fraud are "(a) a misrepresentation (false representation,

12  concealment, or nondisclosure); (b) knowledge of falsity (or

13  'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

14  justifiable reliance; and (e) resulting damage." In re Estate of

15  Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened

16  pleading requirements for claims of fraud under Federal Rule of

17  Civil Procedure 9(b), "a party must state with particularity the

18  circumstances constituting the fraud." Fed. R. Civ. P. 9(b).

19  The plaintiffs must include the "who, what, when, where, and how"

20  of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1006

21  (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42

22  F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple

23  defendants are asked to respond to allegations of fraud, the

24  complaint must inform each defendant of his alleged participation

25  in the fraud." Ricon v. Reconstrust Co., No. 09-937, 2009 WL

26  2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v.

27  Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

28        Plaintiff's fraud allegations do not even come close to

4

1   surviving a motion to dismiss.  Plaintiff simply alleges that she

2   was not provided proper disclosures by "defendants" and was

3   "deliberately misled into believing she was entering into a

4   predatory loan with a much lower interest rate than was actually

5   imposed."  (Compl. ¶¶ 32-33.)  Plaintiff's conclusory statements

6   do not identify with any specificity what, if any,

7   representations were made, when they were made, who made them, or

8   why they were false.  These sort of conclusory statements come

9   nowhere close to meeting the pleading standard generally required

10  under Rule 8, let alone the heightened pleading standard of Rule

11  9(b).  See Iqbal, 129 S. Ct. at 1949; Vess, 317 F.3d at 1006.

12  Accordingly, the court will grant defendants' motion to dismiss

13  plaintiff's second cause of action for fraud against CHL and

14  ReconTrust.

15      C.   Specific Performance to Modify Plaintiff's Loan

16           Plaintiff claims that she is entitled to specific

17  performance to force defendants to offer her a "reasonable and

18  feasible" loan modification.  (Compl. ¶ 39.)  Plaintiff bases

19  this demand for relief on California Civil Code section 2923.6,

20  which plaintiff asserts "requires California lenders to accept

21  loan modification upon owner-occupied residences upon home loans

22  made from January 1, 2003 through December 31, 2007," as well as

23  the Emergency Economic Stabilization Act of 2008 ("EESA"), 12

24  U.S.C. §§ 5201-61, and the Hope for Homeowners Act, Pub. L. 110-

25  289.  (Id. at ¶ 37.)  However, section 2923.6 indicates nothing

26  more than the California legislature's intent that a mortgagee

27  "offer the borrower a loan modification or workout plan if such

28  modification or plan is consistent with its contractual or other

5

authority."  Cal. Civ. Code § 2923.6(b).  Accordingly, "nothing
in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans
to modify the terms of loans or creates a private right of action
for borrowers."  <u>Farner v. Countrywide Home Loans</u>, No. 08cv2193,
2009 WL 189025, at *2 (S.D. Cal. Jan. 26, 2009).

         Plaintiff also has no private right of action against
defendants under the EESA or the Hope for Homeowners Act.  The
EESA does not provide for a private right of action.  <u>Ramirez v.</u>
<u>Litton Loan Servicing, LP</u>, No, CV-09-319-PHX-GMS, 2009 WL
1750617, at *1 (D. Ariz. June 22, 2009); <u>Barrey v. Ocwen Loan</u>
<u>Servicing, LLC</u>, No. CV-09-573-PHX-GMS, 2009 WL 1940717, at *1 (D.
Ariz. July 2, 2009).  The Hope for Homeowners Act was intended to
help borrowers refinance their mortgages and obtain loans insured
by the Federal Housing Administration.  It is unintelligible why
this act would entitle plaintiff to specific performance to
modify her loan.  Accordingly, the court will grant CHL and
ReconTrust's motion to dismiss plaintiff's third cause of action
for specific performance.

         D.   <u>Wrongful Threatened Foreclosure</u>

         Plaintiff's complaint purports to state a claim for
"wrongful threatened foreclosure" against defendants.  Plaintiff
has failed to cite to any common law rule or authority providing
for a claim for "wrongful threatened foreclosure."  Wrongful
foreclosure is an action in equity, where a plaintiff seeks to
set aside a foreclosure sale.  <u>See</u> <u>Abdallah v. United Sav. Bank</u>,
43 Cal. App. 4th 1101, 1009 (1996); <u>Karlsen v. American Sav. &</u>
<u>Loan Assn.</u>, 15 Cal. App. 3d 112, 117 (1971).  However, there is
no cause of action for "wrongful threatened foreclosure."  In

6

1  fact, in the overwhelming majority of states like California who

2  provide for nonjudicial foreclosure, do not recognize such a

3  cause of action.  <u>See</u> <u>Reese v. First Mo. Bank and Trust Co. of</u>

4  <u>Creve Couer</u>, 736 S.W.2d 371, 373 n.4 (Mo. 1987) (finding that of

5  the twenty-nine states that conduct nonjudicial foreclosure sales

6  only Georgia, Massachusetts, and North Carolina have a cause of

7  action for attempted wrongful foreclosure).

8       Even if such a cause of action were to exist, plaintiff

9  has not alleged any facts indicating why defendants' foreclosure

10 was wrongful, outside of the conclusory allegations that

11 "[d]efendants each of them or their agents did not have the right

12 to foreclose" and that "the sale was conducted without complying

13 with CA [sic] Civil Code Section 2924 et. seq."  (Compl. ¶ 43.)

14 Such conclusory statements, without any facts to support them,

15 fall well short of the pleading requirements of Rule 8.  <u>See</u>

16 <u>Iqbal</u>, 129 S. Ct. at 1949.  Accordingly, plaintiff's fourth cause

17 of action for wrongful threatened foreclosure must be dismissed.

18      E.   <u>Threatened Wrongful Eviction</u>

19      An action "for a threatened wrongful eviction is in

20 reality an action for malicious prosecution, an essential element

21 of which is want of probable cause."  <u>Asell v. Rodrigues</u>, 32 Cal.

22 App. 3d 817, 824 n.3 (1973)(citing <u>Gause v. McClelland</u>, 102 Cal.

23 App. 2d 762, 764 (1951)); <u>see</u> <u>Bisno v. Douglas Emmett Realty Fund</u>

24 <u>1988</u>, 174 Cal. App. 4th 1534, 1544 (2009).  A "complaint for

25 malicious prosecution must allege malice, lack of probable cause

26 and a favorable termination of the prior proceedings."  <u>Scannell</u>

27 <u>v. County of Riverside</u>, 152 Cal. App. 3d 596, 611 (1984).

28 Plaintiff alleges no facts indicating that an eviction has been

7

threatened outside of the foreclosure sale, that defendants have
initiated a wrongful detainer action against her, or malice on
the part of defendants.  Accordingly, plaintiff's fifth cause of
action for threatened wrongful eviction must be dismissed.

      F.   <u>Quiet Title</u>

      The purpose of a quiet title action is to establish
one's title against adverse claims to real property.  A basic
requirement of an action to quiet title is an allegation that
plaintiffs "are the rightful owners of the property, i.e., that
they have satisfied their obligations under the Deed of Trust."
<u>Kelley v. Mortgage Elec. Reg. Sys., Inc.</u>, No. C 09-01538 SI, ---
F. Supp. 2d ----, 2009 WL 2475703, at *7 (N.D. Cal. Aug. 12,
2009).  "[A] mortgagor cannot quiet his title against the
mortgagee without paying the debt secured."  <u>Watson v. MTC</u>
<u>Financial, Inc.</u>, No. 2:09-CV-01012 JAM-KJM, 2009 WL 2151782 (E.D.
Cal. Jul. 17, 2009)(quoting <u>Shimpones v. Stickney</u>, 219 Cal. 637,
649 (1934)).  As plaintiff concedes that she has not paid the
debt secured by the mortgage, she cannot sustain a quiet title
action.  Accordingly, the court must dismiss plaintiff's sixth
cause of action to quiet title.

      G.   <u>Civil Conspiracy</u>

      "Civil conspiracy is not a cause of action, but a legal
doctrine that imposes liability on persons who, although not
actually committing a tort themselves, share with the immediate
tortfeasors a common plan or design in its preparation."  <u>Applied</u>
<u>Equipment Corp. v. Litton Saudi Arabia Ltd.</u>, 7 Cal. 4th 503, 510-
11 (1994).  Under California law, a party may be vicariously
liable for another's tort in a civil conspiracy where the

plaintiff shows "(1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." <u>Rusheen v. Cohen</u>, 37 Cal. 4th 1048, 1062 (2006) (citing <u>Doctors' Co. v. Superior Court</u>, 49 Cal. 3d 39, 44 (1989)).

Plaintiff has improperly alleged a cause of action for conspiracy.  Taking plaintiff's civil conspiracy claim as an attempt to impose liability on defendants for the other torts alleged in her complaint, plaintiff's claim still fails.  First, a claim for civil conspiracy is a derivative action that can only succeed when based on an independent tortious act.  <u>Entm't Research Group, Inc. v. Genesis Creative Group, Inc.</u>,122 F.2d 1211, 1228 (9th Cir. 1997)(citing <u>Applied Equipment Corp.</u>, 7 Cal. 4th at 457).  Since all of plaintiff's other causes of action will be dismissed, she cannot allege a civil conspiracy.  Second, plaintiff's allegations of a civil conspiracy are conclusory and inadequate.  Plaintiff simply alleges that defendants acted "in concert in defrauding plaintiff" without pleading any facts to support this claim.  (Compl. ¶ 54.)  Asserting the bare legal conclusion that defendants acted in a conspiratorial fashion, without pleading further facts "stops short of the line between possibility and plausibility." <u>Iqbal</u>, 129 S. Ct. at 1949.  There is nothing in the complaint to indicate that defendants were doing anything other than simply asserting their legal rights under the Note and Deed of Trust.  Accordingly, plaintiff's seventh cause of action for civil conspiracy will be dismissed.

      H.   <u>Special and Punitive Damages</u>

Plaintiff alleges a claim entitled "Special and

Punitive Damages," which are remedies, not a cause of action. Plaintiff's claim simply states that plaintiff "belongs to the protected class under the protective legislation to wit, the Fair Debt Collections Practices Act, [EESA] in conjunction with the Governmental Economic Stimulus Act of 2008 and the Hope for Homeowners act [sic] of 2008." (Compl. ¶ 57.)  It is absolutely unclear why any of these statutes support a claim for punitive or special damages against defendants and plaintiff has not alleged how defendants violated any of these acts.  Additionally, plaintiff cannot sustain a claim for punitive or special damages against defendants because plaintiff's prayer for special and punitive damages rely on success on her other causes of action, which will be dismissed.  Accordingly, plaintiff's eighth "cause of action" for special and punitive damages will be dismissed.

I.   Declaratory and Injunctive Relief

Plaintiff's final claim is for declaratory and injunctive relief.  Declaratory and injunctive relief are not independent claims, rather they are forms of relief.  See McDowell v. Watson, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself a cause of action . . . ." (internal quotation marks omitted)).  Even viewing plaintiff's cause of action as a request for declaratory and injunctive relief as remedies, all of plaintiff's claims will be dismissed, and accordingly plaintiff is not entitled to any such relief.  Therefore, plaintiff's ninth cause of action for declaratory and injunctive relief will be dismissed.

J.   Sanctions

If plaintiff's attorney could not draft a complaint

that contained a single claim upon which relief could be granted,
he could have at least complied with Local Rule 78-230(c) and
told the court he had no opposition to the granting of
defendants' motion.  Instead, as he has done before, he ignored
the local rule and did nothing in response to the motion to
dismiss his complaint.  Counsel's failure to comply with Local
Rule 78-230(c) and timely file any response to CHL and
ReconTrust's motion to dismiss is inexcusable, and has
inconvenienced the court by forcing it to nevertheless examine
the motion on the merits.

Local Rule 11-110 authorizes the court to impose
sanctions for "[f]ailure of counsel or of a party to comply with
these Rules."  Therefore, the court will sanction plaintiff's
counsel, Richard A. Taguinod, $200.00 payable to the Clerk of the
Court within ten days from the date of this Order, unless he
shows good cause for his failure to comply with the Local Rules.[1]

IT IS THEREFORE ORDERED that CHL and ReconTrust's
motion to dismiss plaintiffs' complaint against CHL and
ReconTrust be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that within ten days of the date

---

[1]    This is not the first Mr. Taguinod has failed to comply
with Local Rule 78-230(c).  In Butera v. Countrywide Home Loans,
Inc., Mr. Taguinod similarly failed to file any papers in
response to a motion to dismiss.  No. CV F 09-1677 LJO SMS, 2009
WL 348973, at *1 (E.D. Cal. Oct. 26, 2009).  Such repeated
disregard for the Local Rules should not go unsanctioned.

In another case in this district, Judge O'Neill
dismissed a form complaint filed by Mr. Taguinod with prejudice.
Judge O'Neill also found that the action brought by plaintiff's
attorney was likely made in bad faith to delay or vex the
defendants, and ordered plaintiff to show cause why the complaint
should not be dismissed in its entirety, including against
defendants who had not yet appeared.

of this Order, Richard A. Taguinod shall either (1) pay sanctions in the amount of $200.00 to the Clerk of the Court or (2) show good cause for his failure to comply with Local Rule 78-230(c).

Plaintiff has twenty days from the date of this Order to file an amended complaint, if they can do so consistent with this Order.

DATED: November 5, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE