UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KRISTINE ROSE SANTOS, | NO. CIV. 2:09-02642 WBS DAD |
| Plaintiff, | |
| v. | ORDER RE: SANCTIONS |
| COUNTRYWIDE HOME LOANS, RESURGENT CORP SERVICE, RECONTRUST COMPANY, N.A., and DOES 1-100, inclusive, | |
| Defendants. | |

----oo0oo----

On November 6, 2009, the court issued an Order requiring plaintiff's counsel, Richard A. Taguinod, to either pay sanctions of $200.00 to the Clerk of the Court or show good cause for his noncompliance with Local Rule 78-230(c) within ten days of that Order. (Docket No. 10.) Mr. Taguinod failed to either show good cause or pay sanctions to the Clerk of the Court within ten days of that Order. Accordingly, on November 18, 2009, the

1

1  court issued an Order stating that unless Mr. Taguinod complied
2  with the court's November 6, 2009 Order within ten days this
3  action would be dismissed.  (Docket No. 11.)
4         Later that same day, Mr. Taguinod filed a statement
5  attempting to show good cause in response to the court's November
6  18, 2009 Order.  (Docket No. 13.)  Mr. Taguinod contends that he
7  did not file an opposition or non-opposition to defendants'
8  motion to dismiss in violation of Local Rule 78-230(c) because of
9  his oversight and honest mistake.  Mr. Taguinod notes that he
10 intended to e-file an amended complaint that would moot
11 defendants' motion by November 6, 2009, but that he did not do so
12 because he outsources his e-filing to Manila, Philippines and
13 that this somehow prevented a timely filing. (Id. at ¶ 3.)  Mr.
14 Taguinod also claims that he was unable to file plaintiff's
15 amended complaint until twelve days after the court's Order
16 dismissing the original complaint because he "became engrossed
17 with his almost daily court appearances and urgent calls to home
18 lenders negotiators, representing many clients facing trustees'
19 sale and sheriffs' notices to vacate." (Id. at ¶ 4.)
20        Mr. Taguinod's failure to follow the Local Rules
21 because of his busy schedule and decision to outsource his online
22 filings to the Philippines is unacceptable.  Inadvertence is no
23 excuse for his failure to comply with the Local Rules or respond
24 to the court's November 6, 2009 Order.  A district court has the
25 authority under to impose sanctions for even unintentional or
26 negligent noncompliance with the court's pretrial orders.  See,
27 e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275
28 F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions

imposed on a party for unintentionally failing to attend a scheduled mediation due to an incapacitating headache); <u>Ayers v. City of Richmond</u>, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him"); <u>Mt. Shasta Title & Escrow Co. v. Pennbrook Homes</u>, No. 07-963, 2007 WL 4210478, at *2 (E.D. Cal. Nov. 28, 2007) (Burrell, J.) (sanctioning counsel $200 for mistakenly filing an inaccurate status report indicating that a party had been served); <u>see also</u> William W. Schwarzer et al., Practice Guide: Federal Civil Procedure Before Trial 15:81 (Nat'l ed. 2009) ("It need not be shown that the party to be sanctioned was acting recklessly or in bad faith. Negligent failure to comply with Rule 16 justifies imposition of appropriate sanctions"). Accordingly, counsel for plaintiff has failed to show good cause why the court should not impose sanctions for the failure to comply with Local Rule 78-230(c).

 IT IS THEREFORE ORDERED that plaintiff's attorney shall pay sanctions of $200.00 to the Clerk of the Court within ten days from the date of this Order;

 AND IT IS FURTHER ORDERED that unless plaintiff's attorney pays the sanctions herein ordered to the Clerk of the Court within ten days from the date of this Order this action will be dismissed.

DATED:  November 19, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE