UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KRISTINE ROSE SANTOS

          Plaintiff,

  v.

COUNTRYWIDE HOME LOANS, RESURGENT CORP. SERVICE, RECONTRUST CO.; ARGENT MORTGAGE COMPANY, LLC; U.S. BANK NATIONAL ASSOCIATION; MIROMA,

          Defendants.

No. 2:09-cv-02642-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiff Kristine Rose Santos ("Plaintiff") financed her home in 2006. Presently before the Court is a Motion by Defendants Countrywide Home Loans, Inc. and ReconTrust Company, N.A. ("Defendants") to Dismiss the claims alleged against them in Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

Plaintiff failed to timely file an opposition. Pursuant to Local Rule 230(c), opposition to a motion must be filed not less than fourteen (14) days prior to the date of the hearing. The date of the hearing on motion was set for February 12, 2010. Fourteen (14) days prior to the hearing was January 29, 2010. No opposition was filed as required.

Instead, on February 5, 2010 Plaintiff filed an Ex Parte Application for Continuance and Remand. In so requesting, Plaintiff's counsel states that his failure to timely file an opposition was allegedly due to never receiving service of Defendants' Motion to Dismiss, and that it was not until February 5, 2010 that counsel discovered said Motion on the Court's electronic filing system.

However, counsel's excuse for noncompliance is insufficient. Pursuant Local Rule 135(a), by participating in the Court's electronic filing system, service on counsel is presumed upon the electronic filing of a document.[1] Counsel has evidenced his understanding and use of the Court's system, and accordingly he must be bound by its terms. As such, the Court rejects counsel's reasons for failing to meet the deadlines of the Court and admonishes him for noncompliance with Local Rule 230(c).

Nonetheless, despite Plaintiff's counsel's delinquency, the Court cannot make light of its jurisdictional restraints. Subsequent to removal of the case to federal court, Plaintiff filed an Amended Complaint abandoning her federal claims.

---

[1] The Court's system reflects that a Notice of Electronic Filing was generated at the time Defendants' Motion to Dismiss was filed, and Plaintiff's counsel is indicated as a recipient of electronic service.

1 With only Plaintiff's state law claims remaining, there is no
2 federal subject matter jurisdiction over the suit and the Court
3 declines to exercise supplemental jurisdiction over the pendant
4 state claims.

5 The case is dismissed without prejudice for lack of subject
6 matter jurisdiction.  In light of the Court's ruling, Defendants'
7 Motion (Docket No. 17) is DENIED as moot.[2]

8 The matter is REMANDED to Superior Court of California,
9 County of San Joaquin.  The Clerk is directed to close the case.
10 IT IS SO ORDERED.

Dated: February 11, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).